# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| WALTER C. TROUTMAN, | CIVIL COMPLAINT |
| Plaintiff, | CASE NO. 1:23-cv-00310 |
| v. | DEMAND FOR JURY TRIAL |
| TEXAS CONSUMER CREDIT & FINANCIAL ADVISORS, LLC, | |
| Defendant. | |

## COMPLAINT

**NOW COMES** WALTER C. TROUTMAN ("Plaintiff") by and through the undersigned, complaining of TEXAS CONSUMER CREDIT & FINANCIAL ADVISORS, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Credit Repair Organizations Act ("CROA") under 15 U.S.C. § 1679 *et seq.,* and the Texas Credit Services Organizations Act ("TCSOA") under Tex. Fin. Code § 393.101 *et seq.,* stemming from Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the CROA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. The Court has supplemental jurisdiction over the state law TCSOA claim under 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Texas, Plaintiff resides in the Western District of Texas, and a substantial portion of the events or omissions giving rise to the claims occurred within the Western District of Texas.

## PARTIES

5. Plaintiff is a consumer over 18 years of age residing in Georgetown, Texas, which lies within the Western District of Texas.

6. Defendant is a credit repair organization that claims to "… help improve your credit by removing erroneous and negative items…"[1] Defendant is a corporation organized under the laws of the state of Texas with its principal place of business located at 1533 Lee Trevino, Suite A-2, El Paso, Texas 79936.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. In approximately September 2020, Plaintiff had several negative and inaccurate tradelines on his consumer credit reports so he began searching for credit repair companies for assistance.

9. Plaintiff subsequently happened upon Defendant's services.

10. After speaking with Defendant and getting an idea of its services, Plaintiff entered into a contract with Defendant for the provision of credit repair services given Defendant's

---

[1] https://texasconsumercredit.com/

representations that its program would be able to help Plaintiff remove negatively reporting accounts thus improving his credit rating.

11. Specifically, Defendant promised Plaintiff that Defendant would remove all of his negative items from his credit reports within 6 months of agreeing to sign with Defendant. Plaintiff detrimentally relied on Defendant's promises.

12. Initially, Plaintiff began paying $199.95 per month to Defendant for its credit repair services.

13. However, after completing payments for nearly a 7 months, Defendant failed to remove any negative tradelines from Plaintiff's credit reports prompting Plaintiff to express his concerns with Defendant.

14. Specifically, Plaintiff intended to cancel his contract with Defendant.

15. As a tactic to dissuade Plaintiff from canceling services, Defendant agreed to reduce the total monthly payment due from $199.95 to $100.00.

16. Immediately thereafter, Plaintiff began paying Defendant $100 per month for its credit repair services. Despite the reduced payments, Plaintiff did not see any increases in his overall credit scores nor were any negative tradelines removed from his credit reports as Defendant initially promised.

17. Upset that he had paid nearly a $2,300 in exchange for a diminished credit score, Plaintiff cancelled his services with Defendant after 12 months.

18. Upon information and belief, Plaintiff's services included purportedly sending out disputes regarding certain information on Plaintiff's credit reports and retaining attorneys to send letters to Plaintiff's creditors.

19. After more than 12 months of completing payments to Defendant, Plaintiff was still frustrated that Defendant failed to improve his credit rating or remove outstanding accounts from his credit reports.

20. Frustrated, distressed, and concerned over Defendant's conduct, Plaintiff spoke with the undersigned regarding his rights.

21. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, emotional distress, aggravation, mental anguish, pecuniary loss stemming from the payments made to Defendant for deficient credit repair services, as well as numerous violations of his state and federally protected interests to be free from deceptive and misleading conduct on the part of purported credit repair organizations.

### COUNT I – VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though fully set forth herein.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1679a(1) of the CROA.

24. Defendant is a "credit repair organization" as defined by §1679a(3) of the CROA, as it is a person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of improving a consumer's credit, credit history, or credit rating, or providing assistance to any consumer with regard to any activity or service for the purpose of improving a consumer's credit.

    a. **Violations of CROA § 1679b(a)**

25. The CROA, pursuant to 15 U.S.C. § 1679b(a)(3) prohibits any person from "mak[ing] or us[ing] any untrue or misleading representation of the services of the credit repair

organization." Additionally, pursuant to 15 U.S.C. § 1679b(a)(4), any person is prohibited from "engag[ing], directly or indirectly, in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization."

26. Defendant violated the CROA through its generally deceptive representations and business model wherein it represents to consumers that the credit bureaus have any obligation to respond to the disputes Defendant submits on behalf of consumers. Inherent with Defendant's representations was the notion that there would be an obligation for an investigation to be triggered by Defendant's submission of a credit dispute on Plaintiff's behalf. However, pursuant to 12 C.F.R. § 1022.43(b)(2), the credit reporting agencies are under no obligation to respond to disputes submitted by credit repair organizations like Defendant.

27. Defendant violated the above referenced provisions of the CROA through its misrepresentations and deception as to the nature of the credit repair services it could provide Plaintiff. Throughout their dealings, Defendant repeatedly and consistently assured Plaintiff that it would be able to do certain tactics to try and achieve the desired results; however, Defendant failed to follow through on the promises it persistently made to Plaintiff during their conversations.

28. Specifically, Defendant, in order to convince Plaintiff to sign a contract with it, made false and deceptive representations that it would increase Plaintiff's credit score by disputing negative information with the credit reporting agencies, including sending direct disputes to his creditors by way of lawyers. Plaintiff detrimentally relied on Defendant's false promises as Plaintiff's credit report scores decreased rather than increased as Defendant promised.

    b.  **Violation of CROA § 1679b(b)**

    29.    The CROA, pursuant to 15 U.S.C. § 1679b(b), states that "[n]o credit repair organization may charge or receive any money or other valuable consideration for the performance of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed."

    30.    Defendant violated § 1679b(b) as it charged and received money from Plaintiff in exchange for the performance of its services without performing such services or before such services were fully performed. Defendant failed to perform any of the represented services, yet nevertheless retained Plaintiff's payments absent any full performance.

    c.  **Violation of CROA § 1679c**

    31.    The CROA, pursuant to 15 U.S.C. § 1679c, outlines various disclosures that CROs must provide to consumers prior to entering into contracts with consumers.

    32.    Defendant violated § 1679c through its complete failure to provide Plaintiff a copy of the required disclosures.

**WHEREFORE**, Plaintiff, WALTER TROUTMAN, respectfully requests that the Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff actual damages to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(1);

c. Awarding Plaintiff punitive damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(2)(A);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1679g(a)(3); and

e. Awarding any other relief as the Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS CREDIT SERVICES ORGANIZATION ACT

33. Plaintiff restates and realleges paragraphs 1 through 32 as though fully set forth herein.

34. Plaintiff is a "consumer" as defined by Tex. Fin. Code § 393.001(1).

35. Defendant is a "credit services organization" as defined by Tex. Fin. Code § 393.001(3).

#### a. Violations of Tex. Fin. Code § 393.201

36. The TCSOA, pursuant to Tex. Fin. Code § 393.201, outlines the requirements of the contracts entered into between consumers and credit services organizations.

37. Defendant violated § 393.201(b)(4) in the same way it violated 15 U.S.C. § 1679c of the CROA.

#### b. Violations of Tex. Fin. Code §§ 393.304(1) & 393.305

38. The TCSOA, pursuant to Tex. Fin. Code § 393.304(1), prohibits a credit services organization from "mak[ing] or us[ing] a false or misleading representation in the offer or sale of the services of the organization." Similarly, pursuant to Tex. Fin. Code § 393.305, "[a] credit services organization or a representative of the organization may not directly or indirectly engage in a fraudulent or deceptive act, practice, or course of business relating to the offer or sale of the services of the organization."

39. Defendant violated §§ 393.304(1) & 393.305 in much the same way it violated §§ 1679b(a)(3)-(4) of the CROA.

40. Specifically, Defendant, in order to convince Plaintiff to sign a contract with it, made false and deceptive representations that it would increase Plaintiff's credit score by disputing negative information with the credit reporting agencies, including sending direct disputes to his creditors by way of lawyers. Plaintiff detrimentally relied on Defendant's false promises as Plaintiff's credit report scores decreased rather than increased as Defendant promised.

41. As alleged above, Plaintiff was harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff, WALTER TROUTMAN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages pursuant to Tex. Fin. Code § 393.503(a)(1);

c. Awarding Plaintiff punitive damages pursuant to Tex. Fin. Code § 393.503(b);

d. Enjoin Defendant from further violations of law pursuant to Tex. Fin. Code § 393.502,

e. Awarding Plaintiff's costs and reasonable attorney fees, pursuant to Tex. Fin. Code §§ 393.503(a)(2)-(3); and,

f. Awarding any other relief the Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury**

Dated: March 22, 2023

Respectfully submitted,

*/s/ Marwan R. Daher*
Marwan R. Daher, Esq.
Sulaiman Law Group, Ltd.
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
Fax: (630) 575-8188
mdaher@sulaimanlaw.com
*Counsel for Plaintiff*